F. A. SLOSS, RESPONDENT, *v.* JOHN ALLMAN, APPEL-
LANT.

FINDINGS — CONTRADICTORY AND UNCERTAIN. — Judgment and order refusing a
   new trial reversed because the findings were contradictory and uncertain.

APPEAL from a judgment of the Superior Court of Lassen
County, and from an order refusing a new trial.

*J. M. Scawell,* and *C. G. Kelly,* for Appellant.

*E. V. Spencer,* for Respondent.

Ross, J. — Because of the contradictory and uncertain nature
of the findings of the court below we must reverse the judgment
and remand the cause for a new trial. The suit is to recover a
balance of $1,350, alleged to be due the plaintiff on a contract
alleged to have been made in writing between plaintiff and
defendant, on or about April 24, 1874, by the terms of which
plaintiff agreed to carry the United States mail as sub-contractor
under Allman, between two certain designated points for a
period of four years, for the sum of $5,400, which the complaint
alleges defendant Allman agreed to pay plaintiff within thirty
days from the time he (defendant) received his compensation
from the government. The complaint also alleges performance
of the service by the plaintiff, the receipt by the defendant of his
compensation from the government, payment by him to the
plaintiff of $4,050, and a balance due of $1,350, which defendant
fails and refuses to pay.

The findings are to the effect that at the time stated in the
complaint plaintiff and defendant made a contract, a memoran-
dum of which was reduced to writing, but not signed by either
party. That its terms were as charged in the complaint, except
that for the service agreed to be rendered by the plaintiff, the
defendant agreed to pay him $2,200 per year; that "in said
memorandum it was further agreed that the contract aforesaid
should be reduced to writing at length, and signed by plaintiff
and two bondsmen and also by defendant; that in pursuance
of said agreement the contract in full was reduced to writing by

defendant Allman, with this addition, that he united the name of J. J. Hinds with his own as principal in the making and letting of said contract; that said contract was signed by plaintiff and his bondsmen; that after plaintiff and his bondsmen had signed it, defendant Allman signed the name of J. J. Hinds thereto by himself as attorney in fact, but did not sign his own name thereto in any other manner," and thereupon delivered the same to the plaintiff, who entered upon the performance of his part of the agreement and fully performed it. That Allman received his compensation from the government for the service more than thirty days before the commencement of the action, and at different times during the performance of the service paid to the plaintiff all of the contract price except $1,350, which last mentioned sum he did not pay and has not paid, but acknowledged to the plaintiff that it was due him and promised him to pay it.

It may be remarked here that as the court found that the contract price was $2,200 per year for four years, that is to say that it was $8,800, and also found that all of the contract price was paid except $1,350, it in effect found that plaintiff was paid $7,450, which is considerably in excess of the whole contract price according to the averments of the complaint. Yet the findings also declare that $1,350 remained due and unpaid to plaintiff for the service, and that the defendant subsequently so acknowledged and promised to pay the amount. But another difficulty in the way of affirming the judgment arises from the fact that the court below also found: "That it was understood by both parties that the contract last drawn up between the parties and signed by all of them except Allman, should supersede the memorandum of contract made by them prior to that time."

We hardly know what is meant by this finding. "The contract last drawn up between the parties, and signed by all of them except Allman," would seem from the findings to have been an altogether one-sided arrangement; for Hinds seems to have been injected as principal on the one part, without the knowledge or authority of either himself or of the plaintiff; and it was the contract thus made in Hinds' name with the plaintiff that the court below found was, according to agreement between

plaintiff and *defendant*, to supersede the memorandum of contract previously made between them.   Further, as wholly inconsistent with this last statement, is the finding to the effect that the plaintiff, in rendering the service, and the defendant, in accepting it, treated the service as rendered under contract between plaintiff and defendant.

Judgment and order reversed, and cause remanded for a new trial, with leave to the plaintiff to amend his complaint if he shall so elect.

SHARPSTEIN, J., MYRICK, J., McKINSTRY, J., and THORNTON, J., concurred.