[Civ. No. 16779.   Second Dist., Div. Three.   July 18, 1949.]

GILBERT S. FORTE, Appellant, v. JOHN SCHIEBE, Respondent.

A. Brigham Rose for Appellant.

V. P. Lucas for Respondent.

VALLÉE, J.—The complaint in this action alleged that within one year prior to the filing thereof the plaintiff almost daily had been vexed, harassed, assaulted and annoyed by the defendant.   The acts and declarations which comprised the foregoing were specifically alleged.   It was alleged that plaintiff was injured and damaged as a result thereof.   The prayer was for damages and for an injunction.   The court found that the allegations were untrue and that plaintiff had not suffered any injury or damage from any act or conduct of defendant.   Judgment was for the defendant from which plaintiff appeals.

Appellant's contention appears to be that notwithstanding the court found that the allegations constituting the gravamen of the charge were not true, an injunction should have issued.   It is not claimed that the findings are unsupported by the evidence.   Appellant's claim is based on a statement made by the trial judge, after argument of the cause, to the effect that he did not see any monetary question involved in the case, that the court did not have jurisdiction ''over the

question of the conduct between the parties," and that appellant had an adequate remedy at law. Appellant construes the statement as indicating that the judge would have issued an injunction had he thought that the court had jurisdiction. Assuming that appellant's construction of the statement is correct, it cannot avail him here. The findings constitute the decision of the court and are controlling. (*Boness* v. *Helphinstine*, 132 Cal.App. 677, 680 [23 P.2d 420].) In view of the finding that defendant did not commit any of the acts or make any of the declarations alleged, which finding is supported by the evidence, it would have constituted error to issue an injunction.

Judgment affirmed.

Shinn, P. J., and Wood, J., concurred.