[Civ. No. 19000. Second Dist., Div. Three. July 23, 1952.]

BEVERLY FINANCE COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

McCarroll & McCarroll for Petitioner.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent and Real Party in Interest.

WOOD (Parker), J.—Petition for writ of mandate directing the superior court to correct a finding made by it in an action for the forfeiture of an automobile.

It was alleged in the petition that: On May 11, 1950, an action was commenced by the People of the State of California

against one 1949 Ford V-8 Coupé, pursuant to sections 11610, 11611, 11612 and 11613 of the Health and Safety Code (relating to seizure and forfeiture of a vehicle in which a narcotic is unlawfully transported). Thereafter notice (of intended proceedings) was given to the petitioner herein as lien holder under a conditional sales contract. Petitioner filed an answer (in response to said notice). On October 24, 1950, a trial was had. Judgment was for plaintiff (People), and the court directed the attorney for plaintiff to prepare findings and judgment. Thereafter petitioner filed objections to proposed finding V. Said finding was as follows:

"That at the time of the seizure of said vehicle, Beverly Finance Company, a corporation, claimant herein, had a right, title and interest in and to said vehicle in the sum of Fourteen Hundred and 12/100 ($1400.12) Dollars; that the right, title and interest of said claimant in and to said vehicle was bona fide and was made without any knowledge that said vehicle was being, or was to be, used, in violation of the provisions of law relating to narcotics; that *before its right, title and interest in and to said vehicle was acquired by said claimant, said claimant did not make a reasonable investigation of the moral responsibility, character and reputation either of said Mona H. Shaffer or of said James William Shaffer.*" (Emphasis added.)

It was also alleged in the petition that: Petitioner "proposed" that said finding should show that "all of the investigation which was made by petitioner," was made before petitioner acquired its interest in said vehicle.

It was also alleged therein that: "Petitioner made the objection to Finding V for the reason that during the trial there was one conflict in evidence pertinent to the issues raised herein. Agnes Conforti, witness for petitioner, testified that she made the investigation for petitioner prior to the time petitioner purchased its interest in and to said 1949 Ford and testified that all of the investigation made by her was made prior to the purchase of said interest, including a telephone call to Leroy Nelson, all of which was shown by her notes, dated and initialed at the time she made said telephone call on October 10, 1949. Leroy Nelson, called as a witness by plaintiff in the aforesaid action, testified that he was contacted one time by a woman from Beverly Finance Company but that it was some time in the latter part of April or May, 1950. . . . The trial judge stated at the conclusion of the trial that he resolved this conflict in favor

of the records of Beverly Finance Company and felt that the call was made prior to the time petitioner purchased its interest. Again, on the hearing on the objections to the finding, the trial judge stated . . . that he still felt that all of the investigation that was made by Beverly Finance Company, including the telephone call to Leroy Nelson, was made on October 10, 1949, prior to the time said company purchased the contract from the dealer, but that said investigation . . . was not sufficient under the statute. Thereupon the trial judge agreed with attorney for petitioner . . . that the finding should be changed to reflect this fact, and in attempting to reflect this fact made an interlineation in Finding V so that Finding V as ultimately signed, reads as follows:

" 'That at the time of the seizure of said vehicle, Beverly Finance Company, a corporation, claimant herein, had a right, title and interest in and to said vehicle in the sum of Fourteen Hundred and 12/100 ($1400.12) Dollars; that the right, title and interest of said claimant in and to said vehicle was bona fide and was made without any knowledge that said vehicle was being, or was to be, used in violation of the provisions of law relating to narcotics; that before its right, title and interest in and to said vehicle was acquired by said claimant, said claimant did ~~not~~ make ~~a reasonable~~ *an* investigation of the moral responsibility, character and reputation either of said Mona H. Shaffer or of said James William Shaffer, *but that said investigation was not reasonable.' "

(The judge amended the proposed finding by striking out the words "not" and "a reasonable" and by adding the words which are in italics.)

It was also alleged that: Judgment was entered on January 3, 1951. Thereafter petitioner filed a notice of appeal from said judgment. The appeal is now pending. In its brief on appeal, respondent (the People) contended that finding V, as amended, "held" that a part of the investigation which was made by petitioner, was made prior to its purchase of its interest in said automobile, but that the trial court found that the telephone call to Leroy Nelson was made by petitioner after the purchase of its interest in the automobile. Upon rereading finding V, petitioner believed that it was ambiguous and did not correctly reflect the actual finding of the trial judge. On February 17, 1952, petitioner filed an application for permission to augment the record on appeal and, in support of said appli-

cation, filed an affidavit of Judge Philbrick McCoy (the trial judge), a copy of which affidavit is attached to the petition. The application was denied. Petitioner then filed a notice of motion in the superior court to correct the finding, which motion was denied. Petitioner alleges, upon information and belief, that the judge refused to correct the finding on the ground that it would be the performance of a judicial act and not the correction of a clerical error.

In the prayer petitioner asks that this court direct the trial court to "correct Finding V" to show: (1) that petitioner made all the investigation it claims to have made, including the telephone call by Agnes Conforti to Leroy Nelson, prior to the time it acquired its interest in said vehicle, but that said investigation was not a reasonable investigation of the moral responsibility, character and reputation of James William Shaffer; (2) that petitioner made no investigation of Mona H. Shaffer; and (3) that petitioner was not informed at the time it purchased its interest in said automobile that the automobile was to be registered in the name of Mona H. Shaffer.

In the affidavit of the trial judge which was attached to the petition it was recited, among other things, that at the time of the hearing on the objections to finding V, he (the judge) stated that he still felt that "all the investigation that was made by Beverly Finance Company, including the telephone call to LeRoy Nelson, was made on October 10, 1949, prior to the time said Company purchased the contract from the dealer, but that said investigation in affiant's opinion was not sufficient under the statute"; and that he (judge) "agreed with attorney for Beverly Finance Company that the Finding should be changed and [he] made the interlineation as it appears in the Findings."

An answer and a demurrer to said petition for writ of mandate were filed by respondents (the superior court, and the People—as the real party in interest). The answer denied that: petitioner had proposed that finding V should show that all of the investigation which was made by petitioner was made before it acquired its interest in said vehicle; petitioner made the objection to findng V for the reason there was a conflict in the evidence; the testimony of Agnes Conforti and Leroy Nelson was as set forth in the petition; the trial judge made the statements which the petitioner alleges he made, relating to an investigation prior to the time petitioner purchased the contract and relating to his (judge's)

reason for changing finding V. The answer also denied that the trial court denied petitioner's motion to correct the finding upon the sole ground that it constituted a judicial act and not the correction of a clerical error. The other allegations of the petition above set forth were admitted.

As an additional defense, it was alleged in the answer that the trial court concluded that any information gained by petitioner before its interest in the vehicle was created related only to the credit rating of James Shaffer; that, in granting judgment for plaintiff, the court resolved the conflict in the evidence against petitioner and was of the opinion that, regardless of whether Leroy Nelson was or was not contacted before the creation of petitioner's interest in the vehicle, he was not asked and gave no information concerning the moral character of James Shaffer until after the vehicle was seized by the authorities.

In an affidavit of the trial judge, which was filed herein on behalf of respondents, it was recited in part that: Nelson testified that he had not been contacted on or before October 10, 1949, and that he had been contacted and given information to petitioner following seizure of the vehicle which seizure was on April 20, 1950; the witness for petitioner (Agnes Conforti), in testifying that she did call Nelson on October 10, 1949, testified "from notes, purportedly made at the time of the said call relating to credit information"; information concerning the moral responsibility, character and reputation of said James Shaffer was given by the witness without reference to these notes with the explanation that she had not written this information down at the time; in resolving the conflict, he (judge) concluded that this evidence corroborated the testimony of Nelson that he gave no information concerning the moral attributes of James Shaffer until after the seizure of the vehicle; from this he (judge) concluded that any investigation made before the creation of said interest related only to the credit standing of one of the two purchasers, that no investigation was made of the other purchaser and registered owner, that any information obtained by petitioner relating to the moral responsibility, character or reputation of James Shaffer was obtained after seizure of the vehicle. It was recited further therein that the motion to correct the findings for clerical error was denied for the reason (among others) that no

such amendment was required because there was no clerical error in the findings signed by him.

A material fact to be determined in the forfeiture action was whether the investigation as to moral responsibility was made before or after the petitioner (finance company) acquired its interest in the automobile.

Section 11620 of the Health and Safety Code provides: "The claimant of any right, title, or interest in the vehicle may prove his lien, mortgage, or conditional sales contract to be bona fide and that his right, title, or interest was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser, and without any knowledge that the vehicle was being, or was to be, used for the purpose charged."

Petitioner (finance company) contends that the trial judge made a clerical error in finding V. It argues that, in making the interlineation, the judge intended to correct the proposed finding so that it would show, among other things, that all of the investigation which was made by petitioner was made prior to the time it acquired its interest in the vehicle. As above shown, the petition alleged that the trial judge stated, at the conclusion of the trial and again at the hearing upon the objections to finding V, that he felt that all of the investigation which was made by petitioner, including the telephone call made by Agnes Conforti to Leroy Nelson, was made on October 10, 1949, prior to the time petitioner purchased the contract from the dealer. ▮ Statements made by a trial judge during the course of a trial do not constitute the decision of the court. ▮ "The findings constitute the decision of the court and are controlling." (*Forte* v. *Schiebe*, 93 Cal.App.2d 22, 23 [207 P.2d 881].) As above shown, the proposed finding V was amended by the judge and then signed by him. ▮ A court has no power, having once made its decision after regular submission, to set aside or amend judicial error except under appropriate statutory procedure. (See *McMahan* v. *Baringer*, 49 Cal.App.2d 431, 432 [122 P.2d 63].) ▮ A court has power to remedy a clerical error in its findings. (*Boylan* v. *Marine*, 104 Cal.App.2d 321, 322 [231 P.2d 92].) ▮ A question herein is whether the finding, with respect to when the investigation was made, was signed as a result of clerical error. Recitals in the affidavits of the trial judge, with respect to the investigation, are conflicting. In the affidavit of the judge (attached to the petition herein), the judge

stated that at the hearing upon the objections to finding V, he said that he still felt that "all the investigation that was made" by petitioner was prior to the time it purchased the contract. In the affidavit of the judge (filed herein by counsel for the People), the judge stated that he concluded that any investigation made by petitioner "before the creation of the said interest related only to the credit standing of one of the two purchasers," and that any information obtained by petitioner relating to the moral responsibility, character or reputation of James William Shaffer was obtained after seizure of the vehicle. Upon the record here it cannot be determined that the findings as signed did not express the actual judicial intention of the trial judge with respect to when the investigation regarding moral responsibility was made.

It does appear that a part of finding V is ambiguous. As above shown, the finding as signed (after the amendments and interlineation) stated in part that the claimant "did make an investigation of . . . *either* of said Mona H. Shaffer or of said James William Shaffer, but that said investigation was not reasonable." (Italics added.) An affidavit of the judge was, as above shown, to the effect that there was no clerical error in the finding signed by him. Under the circumstances here, this court cannot direct the trial court with respect to the findings.

In view of the foregoing conclusions, it is unnecessary to discuss other contentions of petitioner.

The demurrer to the petition was on the ground that the petition did not state facts sufficient to constitute a cause of action. The petition alleged in effect that the trial judge made a clerical error in making finding V. The demurrer is overruled.

The peremptory writ is denied. The alternative writ is discharged.

Shinn, P. J., and Vallée, J., concurred.