[L. A. No. 22639.   In Bank.   May 29, 1953.]

THE PEOPLE, Respondent, v. ONE 1949 FORD V-8 COUPÉ, Engine No. 98BA871412, Defendant; BEVERLY FINANCE COMPANY (a Corporation), Appellant.

McCarroll & McCarroll for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

SHENK, J.—This is an appeal from a judgment for the plaintiff ordering that the 1949 Ford V-8 coupé involved in this proceeding be forfeited to the state under sections 11610 et seq. of the Health and Safety Code.

The claimant and appellant Beverly Finance Company, here called the company, was the legal owner of the vehicle as the assignee of the conditional vendor. The conditional vendee, James Shaffer, was found in the car possessing narcotics. Relying on this undisputed fact, the state commenced this proceeding to have the car forfeited. In opposition the company relied on sections 11620 and 11622 of the Health and Safety Code. Those sections provide that the interest of a conditional vendor shall not be forfeited where his interest "was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser, and without knowledge that the vehicle was being, or was to be, used for the purpose charged."

Much of the controversy centers about the trial court's finding number V. As first prepared the finding read as follows: ". . . that the right, title and interest of said claimant in and to said vehicle was bona fide and was made

without any knowledge that said vehicle was being, or was to be, used in violation of the provisions of law relating to narcotics; that before its right, title and interest in and to said vehicle was acquired by said claimant, said claimant did not make a reasonable investigation of the moral responsibility, character and reputation either of said Mona H. Shaffer or of said James William Shaffer. . . .'' As signed and filed the last sentence was altered to read as follows, with deletions as shown and amendments indicated by added italics: ''. . . that before its right, title and interest in and to said vehicle was acquired by said claimant, said claimant did ~~not~~ make ~~a reasonable~~ *an* investigation of the moral responsibility, character and reputation either of said Mona H. Shaffer or said James William Shaffer, *but that said investigation was* not reasonable.''

The company was not satisfied with the finding as amended and brought a proceeding in mandamus to compel the superior court to correct it. The writ was denied on the ground that the finding was ambiguous; that any correction would be judicial in character and could not be compelled by mandamus. (*Beverly Finance Co.* v. *Superior Court,* 112 Cal.App.2d 381 [246 P.2d 142].)

Since finding V may now be attacked on this appeal, the question of its sufficiency is presented. The attorney general argues that the ambiguity in the finding with respect to who was investigated should be disregarded. He urges that the company never purported to investigate Mona Shaffer and that no evidence of any investigation of her was introduced in the trial court. The company does not dispute this. It claims that no investigation of Mona Shaffer was necessary. It is not clear whether the trial court thought an investigation of Mona Shaffer was necessary. Because of the ambiguity of the finding it is not clear whether the trial court meant: (1) that no investigation was made of Mona Shaffer but that this was not necessary; that an investigation was made of James Shaffer but it was not reasonable, or (2) that a reasonable investigation was made of James Shaffer, but that failure to investigate Mona Shaffer made the total investigation not reasonable.

Section 11620 provides that a conditional vendor of an automobile must make a reasonable investigation of the ''purchaser'' prior to acquiring his interest in order to protect his interest from being forfeited in a narcotics forfeiture proceeding. A purchaser is defined as: ''One who acquires

or obtains anything by purchase; a buyer.'' (Funk & Wagnalls, New Standard Dictionary, 1933 ed., p. 2012.) ■ Since section 11610 et seq. are in the nature of a forfeiture statute, the word "purchaser" should be given its general meaning unless it is clear that the Legislature intended otherwise. (*Johnson* v. *Kaeser,* 196 Cal. 686 [239 P. 324]; *Binford* v. *Boyd,* 178 Cal. 458 [174 P. 56]; *Oddo* v. *Hedde,* 101 Cal.App. 2d 375 [225 P.2d 929].) ■ In this case the record shows that the company communicated with the car dealer over the telephone. Information was taken down on a purchaser's statement which was unsigned because the transaction was by telephone. A signed purchaser's statement was received by the company two days later. Until the pink registration slip was received the company had no knowledge that Mona Shaffer had any interest in the transaction. The receipt of the pink slip was after the company purchased the contract. Under these circumstances the company was not required to investigate Mona Shaffer prior to purchasing the contract. (*People* v. *One 1939 Buick Coupe,* 56 Cal.App.2d 163 [132 P.2d 308].) ■ Any investigation after the information conveyed by the pink slip that Mona Shaffer was the registered owner would have no bearing on this case because section 11620 provides for a reasonable investigation of the purchaser before the conditional owner's interest is acquired. Under these circumstances there should have been a clear finding of fact as to the reasonableness of the investigation of James Shaffer. (*Franklin* v. *Franklin,* 140 Cal. 607 [74 P. 155]; *Sloss* v. *Allman,* 64 Cal. 47 [30 P. 574]; *Polhemus* v. *Carpenter,* 42 Cal. 375.) The ambiguity of finding V makes it difficult to determine whether the conclusion of law, that the company did not make a reasonable investigation, is supported by the findings of fact and whether those findings are supported by the evidence.

One of the main issues, relating to the reasonableness of the investigation of James Shaffer, was whether all of it was conducted prior to the time the company extended credit. There was conflicting testimony on this point. It is the company's contention that if its investigation was prior in time, it was reasonable as a matter of law. ■ The general rule is that in a narcotics forfeiture case under section 11610 et seq. of the Health and Safety Code, the question of the reasonableness of an investigation by a conditional owner of the purchaser is one addressed to the trier of fact. (*People* v. *One 1950 Studebaker,* 116 Cal.App.2d 412 [253 P.2d

748]; *People* v. *One 1940 Buick*, 70 Cal.App.2d 542 [161 P.2d 264]; *People* v. *One 1941 Cadillac*, 63 Cal.App.2d 418 [147 P.2d 49]; *People* v. *One 1939 Plymouth*, 41 Cal.App.2d 559 [107 P.2d 266].) █ In finding V the trial court failed to make a finding as to the time of the investigation of the character reference. The finance company brought the mandamus proceeding previously referred to in order to compel such a finding. Because of the absence of a finding on this point this court cannot properly rule on the contention asserted by the company.

█ The contentions of the attorney general concerning the construction of findings of fact and conclusions of law to support the judgment are correct as general propositions. Conclusion of law number II which is referred to states that the company: ". . . did not prove that its right, title or interest in and to said vehicle was created after a reasonable investigation of the moral responsibility, character and reputation of the purchasers of said vehicle as required by Section 11620 of the California Health and Safety Code." There is no finding except finding V which could support such a conclusion but that finding is ambiguous. To imply a finding to support conclusion number II would in effect be to substitute a new finding for that of the trial court. Since this was a nonjury case this court has the power to make new or different findings under the authority of section 956a of the Code of Civil Procedure. But because of the conflict in the evidence this does not appear to be a case where this court should resolve the ambiguity and make its own findings. (*Tupman* v. *Haberkern*, 208 Cal. 256 [280 P. 970].)

The judgment is reversed.

Gibson, C. J., Carter, J., Schauer, J., and Spence, J., concurred.

Respondent's petition for a rehearing was denied June 18, 1953.