[Civ. No. 20335.   Second Dist., Div. One.   Oct. 26, 1954.]

THE PEOPLE, Respondent, v. ONE 1952 DODGE PICK-UP TRUCK, ENGINE NO. T306-132277, Defendant; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant.

Hugo A. Steinmeyer, George L. Beckwith and Charles M. Astle for Appellant.

Edmund G. Brown, Attorney General, and Delbert E. Wong, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant Bank of America is the owner of the legal title of a 1952 Dodge pick-up truck.  The truck was forfeited to the state because the owner in possession transported narcotics in it.  The bank appeals from the judgment.

The truck was sold by Gledhill Incorporated to E. L. Norman, Jr., under a conditional sales contract.  Gledhill made the investigation of Norman required by section 11620, Health and Safety Code.  Gledhill transferred all its right, title and interest in the conditional sales contract to the bank. Thereafter Rudolph Tokich purchased the truck from Norman, subject to the conditional sales contract.  The bank consented to this transfer of title, but made no investigation of Rudolph.

At the time the narcotics were transported Martin Tokich was driving the truck with the consent of Rudolph.

The sole question on this appeal is whether or not the bank should forfeit its title to the truck because it made no investigation of Rudolph Tokich before it consented to the transfer to him.

The bank contends that in these circumstances no investigation was required of the assignee; that to require it to do so would be to read into the statute something that is not there, "it being the intention of this section to forfeit only the right, title, or interest of the purchaser" (Health & Saf. Code, § 11622); that in construing a statute courts must interpret the meaning from the language employed, and are powerless to insert qualifying provisions not in the law to carry out an assumed legislative intent (*Seaboard Acceptance Corp.* v. *Shay*, 214 Cal. 361 [5 P.2d 882]), and that, finally, the harsh penalty of forfeiture should not be inflicted in the absence of language in the law clearly so providing.

Apparently this is a case of first impression.

*People* v. *One 1941 Buick Club Coupé*, 72 Cal.App.2d 593, 601 [165 P.2d 44], held that the word "purchaser" as used in the code section should be given interpretation broad enough to include "borrower."

The attorney general argues that a construction of the statute requiring an investigation of Norman but not of Tokich, the subsequent purchaser, would be contrary to legislative policy. This court has come to the conclusion that that argument is determinative of the appeal in this case.

In *People* v. *One 1940 Ford V-8 Coupé*, 36 Cal.2d 471, 477 [224 P.2d 677], our Supreme Court states the legislative policy as follows:

". . . the Legislature has said that the policy of crime prevention is in part served by withholding automobiles from use by narcotics law violators through the means of inquiry into the moral character of the purchaser prior to affording assistance by the lenders of funds. In furtherance of this policy the Legislature has placed on the lender the burden of making prior reasonable inquiry if he wishes to prevent forfeiture of his interest in the event of the subsequent unlawful use of the vehicle. Inquiry prior to entering into the contract is thus related to the legislative purpose and if reasonably pursued would produce the facts as to the moral responsibility, character and reputation of the purchaser . . ."

Also see *People* v. *One 1949 Ford V-8 Coupé,* 41 Cal.2d 123 [257 P.2d 641].

If no investigation were required by the legal owners of purchasers of motor vehicles subsequent to the first purchaser, the purpose of the law would be nullified.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.