[L. A. No. 4004.   Department Two.—September 5, 1917.]

## SADIE F. EARLEY (a Widow), Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

ACTION FOR DEATH—CONSTRUCTION OF SECTION 377, CODE OF CIVIL PROCEDURE—NATURE OF ACTION BY HEIRS OR REPRESENTATIVES.— Section 377 of the Code of Civil Procedure, giving a right of action to the heirs or personal representatives against a person whose wrongful act or neglect causes the death of another, is not a statute of survivorship, carrying over to some living person, after the death of the injured person, the right of action which he would have had if his injuries had not resulted fatally, but creates a new right of action, with a different measure of damages from that which accrued to the injured person as a result of the defendant's wrongdoing.

ID.—RELEASE BY INJURED PERSON—HEIR'S RIGHT OF ACTION.—Where a person, injured by the wrongful act or neglect of another, executes to the wrongdoer a full release from all claims and causes of action for such injuries, and subsequently dies as the result of the same injuries, such release is not a bar or defense to and does not affect the right of action given by section 377 of the Code of Civil Procedure to the heirs or personal representatives, although the injured person may have received a large money consideration for the release.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion for a new trial.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Frank Karr, R. C. Gortner, and A. W. Ashburn, Jr., for Appellant; W. R. Millar, of Counsel.

Harry A. Hollzer, T. A. Williams, W. O. Morton, and C. B. Morton, for Respondent.

Gibson, Dunn & Crutcher, by Norman S. Sterry, *Amici Curiae.*

HENSHAW, J.—This appeal is from the judgment and from the order denying defendant's motion for a new trial. The action was brought under section 377 of the Code of Civil Procedure by the widow of W. H. Earley.   Her husband had

been a passenger upon a car of defendant corporation and was injured by a collision. As the result of his injuries he died. Before his death he executed a release to the defendant in consideration of the payment to him of his hospital expenses and of five thousand two hundred dollars in money. The contract was in writing and released "The Pacific Electric Railway Company from any and all claims and causes of action on account of any and all personal injuries . . . suffered by me . . . and due to collision of a car . . . upon which I was a passenger." When, following her husband's death, the widow commenced and prosecuted this action, this release was presented to and urged upon the court as a complete defense thereto, and around this single proposition revolve all the questions presented upon this appeal.

Section 377 of the Code of Civil Procedure, under which this action was brought, provides that "When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just." The attorney for the appellant, and *amici curiae* adopting the same construction of the law as does appellant's attorney, have presented for the consideration of this court elaborate briefs discussing the origin of the right of action for wrongful death under Lord Campbell's Act, the varying statutes of the states of the United States passed after, and some in copy of the English Act, and from a learned and elaborate analysis reach the conclusion that the wrong which the defendant committed—the tort upon the person of the deceased—was necessarily but a single wrong, and that as the defendant had received its full acquittance and discharge from all consequences arising from that wrong from the injured man himself, the wrong itself was compensated for and in point of law was extinguished, so that it could not be made the basis of any further action by any person whatsoever.

It would not be without interest, but at the same time it is wholly unnecessary to follow these learned counsel in their analyses of the varying statutes and the decisions of the

courts upon them.   For when the last word shall have been said in such a consideration, the paramount fact will still remain that rights under our section 377 of the Code of Civil Procedure are to be defined not by what other courts have said touching their own statutes, but from the meaning and intent of our own law derived from a reading of it.   Upon this matter we are not without light from previous decisions. Thus in *Munro* v. *Pacific Coast Dredging etc. Co.*, 84 Cal. 515, [18 Am. St. Rep. 248, 24 Pac. 303], referring to this section, it is said: "It may be observed that the language of the statute of this state, section 377 of the Code of Civil Procedure, is broader than the language of the English statute." In the case of *Burk* v. *Arcata & Mad River R. R. Co.*, 125 Cal. 364, [73 Am. St. Rep. 52, 57 Pac. 1065], it is said: "The statutes in the different states, though varying greatly, follow generally Lord Campbell's Act, 9 & 10 Victoria, chapter 95. In that it was recited that no right of action existed at common law for such damages. It was then a new right of action. It could not be a continuance of the right which the injured man had for the injury, for the loss to his heirs did not accrue until he died.   Under our statute, the injured person might survive long enough to sue and recover damages, or to settle with the wrongdoer, and then, by his death, a new cause of action would accrue to his heirs.   True, it has been held differently in some states, which have what are called 'survival statutes.'   Here it has been ruled, as the fact evidently is, that the statute creates an entirely new cause of action."

Some statutes are but statutes of survivorship.   They carry over to some living person after the death of the injured person precisely the right of action and precisely the right of recovery which the injured person would have had if his injuries had not resulted fatally.   Manifestly under such a statute a composition agreement and release of the wrongdoer deprives the living person, who may have been empowered by the statute to commence or carry on the action, of all right of recovery.   But such is not our statute.   Our statute creates a new right of action with a different measure of damage from that which accrued to the injured person as a result of the defendant's wrongdoing.   The right of action is to the heirs or representatives of the deceased and the elements of damage (without here attempting to specify them all) include in the case of the widow an admeasurement of the financial loss

CLXXVI Cal.—6

occasioned to her by the death of her husband through the deprivation of his society, comfort, and protection. Upon the other hand, the right to recover for physical suffering—a right which is always an element of damage when the action is prosecuted by the wronged and injured person—is not from its nature an element of the damage which the heir or personal representative may recover under the action given by our statute.

One simple illustration, we think, will make the matter quite plain. A servant suffers wrongful and debilitating injuries at the hands of a third person. That third person is, of course, liable to the injured servant. The injured servant, however, compromises with the wrongdoer for the injuries which he has received and gives him a full release and acquittance. At the same time and by reason of the same single tort the master has his right of action against the wrongdoer for the loss of his employee's services. This was a right of action recognized at common law and is recognized by the statute law of this state. (Civ. Code, sec. 49.) Would anyone contend that the release of the wrongdoer by the servant operates also as a release and discharge of the wrongdoer from his liability under the independent right of action given by the law to the master? That right of action is wholly independent, precisely as is the right of action created in favor of the heirs, and it is no less independent because it has its origin in the same tort.

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Shaw, J., concurred.

Hearing in Bank denied.