[Civ. No. 17392. First Dist., Div. Two. Sept. 11, 1957.]

W. A. ROBISON, as Administrator, etc., et al., Respondents, v. ROBERT LEIGH, Appellant.

Daniel J. O'Brien, Jr. and Daniel J. O'Brien III, for Appellant.

Barbagelata, Zief & Carmazzi, Henry J. Broderick and Robert D. Barbagelata for Respondents.

DOOLING, J.—On August 6, 1954, Miles Scott, aged 81 years, was struck by a truck driven by defendant and appellant Leigh, suffering a fracture of the right hip. Scott died on January 16, 1955, aged 82, the immediate cause of death being a myocardial infarction due to coronary arteriosclerosis. Respondent Robison as administrator of Scott's estate sued to recover medical and funeral expenses and the other respondents, five sisters and sole heirs of Scott, sought damages for Scott's death under section 377, Code of Civil Procedure. Judgment was allowed by the court sitting without a jury in favor of the administrator for $4,992.43 (of which $4,438.65 was for medical expenses and $553.78 was for funeral expenses) and in favor of the heirs for $500.

Appellant challenges the finding of the trial court that the injuries inflicted by his negligence on Scott were a proximate cause of Scott's death. A medical witness testified that where an elderly person such as Scott suffers a broken hip

which confines him to bed he ". . . cannot be as active as they should be, and I feel, in my opinion, that when an elderly person has suffered such an injury, if their death does take place within the first year or so, it could be considered a contributory cause . . . I would feel it would be considered a contributory cause . . . I could not say with certainty, except what I said before, that I do believe that the injuries and the confinement he suffered would be considered a contributory cause."

 Medical witnesses need not testify positively to support a finding of proximate cause. Their opinion of the probabilities is sufficient for that purpose. (*Travelers Ins. Co.* v. *Industrial Acc. Com.*, 33 Cal.2d 685 [203 P.2d 747]; cf. *Ostertag* v. *Bethlehem etc. Corp.*, 65 Cal.App.2d 795, 806-807 [151 P.2d 647].) Tested by this rule the quoted evidence supports the finding.

While he was in the hospital the decedent signed and delivered a full release for which he received a check for $500. This was pleaded as a defense, the release being attached to the amended answer as an exhibit. The due execution of the release was not disputed but on the trial it was proved that subsequently the decedent had attempted to rescind the release, and defendant had refused to accept the rescission. This raised an issue outside of the pleadings as to whether any good ground for rescission existed. The court made no finding on this issue but found instead that it is not true that decedent did release the defendant from liability "as appears on said 'Exhibit A' which is attached to the first amended answer . . ."

The finding as made is not supported by the evidence since the release at most was voidable and not void. Respondents argue that it is a finding of ultimate fact from which the fact of rescission may be inferred, but a finding that there was no release does not infer, but contradicts, the fact that there was a release which was later rescinded. Where a defense is pleaded in the answer which depends on a written instrument and a copy is annexed the genuineness and due execution are admitted unless the plaintiff files an affidavit denying the same (Code Civ. Proc., § 448), but the plaintiff may attack the instrument on other grounds without further pleading (21 Cal.Jur., Pleading, § 114, p. 168). The respondents, however, cannot rely on a rescission of the release to support their judgment in the absence of a finding on that issue, nor can they successfully argue that the right

to such finding was waived by the appellant's failure to object to the form of the findings in the lower court. ■ The final decision is deemed excepted to (Code Civ. Proc., § 647) and ". . . the insufficiency of the findings to support the judgment may be urged on appeal although appellant neither excepted to the findings nor sought their amendment." (*Palpar, Inc.* v. *Thayer,* 82 Cal.App.2d 578, 584 [186 P.2d 748]; *San Jose etc. Title Ins. Co.* v. *Elliott,* 108 Cal.App.2d 793, 803 [240 P.2d 41]; *Mackay* v. *Whitaker,* 116 Cal.App.2d 504, 509 [253 P.2d 1021].) ■ Nor will this court on evidence, at best subject to conflicting inferences, make a finding of rescission. (*People* v. *One 1949 Ford V-8 Coupe,* 41 Cal.2d 123, 127 [257 P.2d 641]; *San Jose etc. Title Ins. Co.* v. *Elliott, supra,* 108 Cal.App.2d 793, 803.)

■ The defense of release affects only the portion of the judgment for medical expenses and is no defense to the right to recover for wrongful death under section 377, Code of Civil Procedure. (*Earley* v. *Pacific Elec. Ry. Co.,* 176 Cal. 79 [167 P. 513, L.R.A. 1918A 997].)

■ Appellant argues that the judgment for funeral expenses cannot be supported because the funeral expenses were paid out of the estate and not by the heirs. In *Adams* v. *Southern Pac. Co.,* 4 Cal.2d 731 [53 P.2d 121], the funeral expenses were held properly recoverable where they were paid out of the estate, the court saying at page 744: "The method adopted for the payment of the burial expenses was apparently the only one available to the decedent's father and, of course, *served to diminish the value of the estate coming to him as sole heir.* We perceive of no sound reason why, under the circumstances, he should not recover such funeral expenses just as he would had they been personally and directly paid by him." (Emphasis ours.)

In our case the five respondent sisters are the sole heirs and the payment of the funeral expenses equally served to diminish the estate coming to them as sole heirs. Appellant seeks to distinguish the Adams case on the ground that in that case the heir requested the administrator to pay the funeral expenses. To distinguish the two cases on such an inconsequential ground would be to indulge in petty hairsplitting reminiscent of the legalistic formalism of the medieval writs. The heirs suffered the loss of the money paid out by the administrator just as surely in this case as if they had requested the administrator to make the payment.

■ Four of the sisters had been completely out of touch

with decedent for many years and we agree with appellant that their damages, if any, were purely nominal. The respondent Meigs, however, had a continuous association with her brother. Up to 1952, while she was living in Santa Rosa, he visited her frequently at her home and she saw him as well in San Francisco. She moved from Santa Rosa to Long Beach in 1952 and did not see him thereafter but they kept up a regular correspondence by mail and she planned, after she learned of his injury, to have him visit her when he was sufficiently recovered. We cannot agree with appellant that this evidence was not sufficient to justify the trial court in finding that she suffered a substantial loss of society and comfort by his death. The modest allowance of $500 cannot under the evidence be deemed excessive.

The portion of the judgment allowing $4,438.65 for medical expenses is reversed for further proceedings in the trial court. The judgment is affirmed in all other particulars.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied October 11, 1957, and the petition of respondent W. A. Robison for a hearing by the Supreme Court was denied November 7, 1957. Carter, J., was of the opinion that the petition should be granted.