[L. A. No. 28290. In Bank. Apr. 19, 1965.]

APRIL ROBIN DOYLE, a Minor, etc., Plaintiff and Appellant, v. CANZIO E. GIULIUCCI, M.D., et al., Defendants and Respondents.

Thomas A. Doyle, Jr., in pro. per., for Plaintiff and Appellant.

Delbridge, Hamblin & Linton and Donald W. Hamblin for Defendants and Respondents.

TRAYNOR, C. J.—Plaintiff April Robin Doyle, a minor, appeals from a judgment entered pursuant to an order confirming an arbitration award. (See Code Civ. Proc., §§ 1287.4, 1294, 1294.2.)

Plaintiff's father entered into a contract for medical and surgical services with defendant Ross-Loos Medical Group obligating that group ''to provide the same care and service to dependents of the Subscriber [plaintiff's father] as is available for the Subscriber.'' The agreement also provided, ''In the event of any controversy between a Subscriber or a dependent ... as the case may be, and Ross-Loos, whether involving a claim in tort, contract or otherwise, the same shall

be settled by arbitration.'' The contract specified a method for initiating arbitration proceedings and selecting the arbitrators. It also stated that the decision of the arbitrators shall be binding upon the parties subject to the power of a court to confirm, modify, or vacate the award as provided in the Code of Civil Procedure.

In 1961 plaintiff's father notified defendants of a malpractice claim against them in connection with services to plaintiff. He wrote that he wished to submit the claim to the American Arbitration Association instead of invoking the arbitration procedures of the health care agreement. Defendants consented, but stated that they did not waive their right to arbitrate under the contractual procedures if the American Arbitration Association proceedings were abandoned or terminated without an award.

In late 1961 the board of arbitrators issued a written statement that pointed out that plaintiff's parents had reserved the right to be appointed guardians ad litem for the child and to bring a civil action against defendants if the results of the arbitration were not satisfactory to them. It also recommended that a guardian ad litem be appointed for the arbitration proceedings and that the parents and the child have competent counsel to represent them.

In early 1962, before the arbitrators reached a decision, counsel retained by plaintiff's father filed a malpractice action in the superior court. The court granted the father's petition to be appointed guardian ad litem. Defendants moved for an order staying further proceedings and submitting the matter to arbitration. The court granted this motion over the objection that plaintiff was a minor and therefore not bound by the agreement to arbitrate. Plaintiff attempted to appeal from the order, but the appeal was properly dismissed. (Code Civ. Proc., § 1294; *Laufman* v. *Hall-Mack Co.*, 215 Cal.App.2d 87, 88 [29 Cal.Rptr. 829, 94 A.L.R.2d 1068].) Later in the year plaintiff's father and the attorney who filed the action in the superior court signed a form of the American Arbitration Association entitled ''stipulation,'' stating that plaintiff's father ''hereby ratifies the Demand for Arbitration. ...''

The board of arbitrators, consisting of the same persons who had previously undertaken to arbitrate the controversy, then held a hearing at which plaintiff's evidence was presented by counsel. The board granted defendants' motion to deny plaintiff's claim on the basis of that evidence. Plaintiff then petitioned the superior court to vacate the award. (Code

Civ. Proc., § 1285.) Defendants moved for an order confirming it. (Code Civ. Proc., § 1285.2.) The court granted defendants' motion and entered judgment in conformity with the award. (Code Civ. Proc., § 1287.4.)

The authority of a parent to bind his child to arbitrate claims arising under a health care contract of which the child is a beneficiary has not been decided in this state,[1] and there is no statute expressly applicable. (Cf. N.Y. Civ. Prac. Act, § 1448.) Plaintiff contends, however, that section 35 of the Civil Code and section 1287.6 of the Code of Civil Procedure establish her right to disaffirm the contract.

With exceptions not relevant here, section 35 of the Civil Code provides, "In all cases ... the contract of a minor, if made whilst he is under the age of eighteen, may be disaffirmed by the minor himself. ..." This section applies to contracts of minors and protects them from their own improvidence in assuming contractual obligations. It does not apply to contracts between adults and is therefore not controlling on the question of a parent's power to bind his child to arbitrate by entering into a contract of which the child is a third party beneficiary.

Section 1287.6 of the Code of Civil Procedure provides that an arbitration "award that has not been confirmed or vacated has the same force and effect as a contract in writing between the parties to the arbitration." The purpose of this section is not to afford minors an opportunity to disaffirm arbitration awards, but to strengthen all such awards by making clear that they are binding as contracts even after the time for seeking judicial confirmation has expired. (See 3 Cal. Law Revision Com., Recommendation and Study Relating to Arbitration G-9; 9 U.C.L.A.L.Rev. 422, 436-437.)

Since the Legislature could easily have provided expressly for such disaffirmance (cf. Civ. Code, § 35), we cannot reasonably infer it from the general provisions of section 1287.6. Moreover, section 42 of the Civil Code authorizes a minor to "enforce his rights by civil action, or other legal proceedings, in the same manner as a person of full age ..." except that a guardian or guardian ad litem (Code Civ. Proc., § 372) must conduct the proceedings. The Legislature has not excepted arbitration proceedings from this section. If minors were

---

[1]*Estate of Carpenter,* 127 Cal. 582, 585 [60 P. 162], refers to the power to bind minors to arbitration in the context of a probate proceeding. We do not reach the issues that may be presented in such a context. See also, *Millsaps* v. *Estes,* 137 N.C. 535 [50 S.E. 227, 107 Am.St.Rep. 496, 70 L.R.A. N.S. 170].

always free to disaffirm arbitration awards, however, they would be effectively denied the benefits of arbitration, for few adults would agree to submit minors' claims to arbitration.

It thus appears that no statute expressly determines the outcome of this case. The crucial question therefore is whether the power to enter into a contract for medical care that binds the child to arbitrate any dispute arising thereunder is implicit in a parent's right and duty to provide for the care of his child (Civ. Code, § 196; *Slaughter* v. *Zimman*, 105 Cal. App.2d 623, 625 [234 P.2d 94]; Pen. Code, § 270). There are compelling reasons for recognizing that power. Since minors can usually disaffirm their own contracts to pay for medical services (Civ. Code, §§ 35, 36), it is unlikely that medical groups would contract directly with them. They can be assured the benefits of group medical service only if parents can contract on their behalf. Unless such contracts unreasonably restrict minors' rights, they should be sustained.

The arbitration provision in such contracts is a reasonable restriction, for it does no more than specify a forum for the settlement of disputes. It invests parents and guardians with considerably less power over causes of action than the Legislature has authorized by permitting them to compromise minors' claims. (Code Civ. Proc., § 372; Prob. Code, § 1431.) It is true that the statutes require court approval of any compromise, but commensurate safeguards surround arbitration: The issues are not compromised but are adjudicated by the arbitrators; a guardian or guardian ad litem must conduct the proceedings on behalf of the child (Civ. Code, § 42; Code Civ. Proc., § 372); and both the issue of arbitrability and the award are subject to judicial review (Code Civ. Proc., §§ 1281.2, 1286.2, 1287, 1294).

Accordingly, the trial court correctly held that the contract between plaintiff's father and defendants provided for arbitration of her claim and that she was bound thereby. Since no statutory grounds for vacating or refusing to confirm the award appeared, defendants' motion to confirm was properly granted.

The judgment is affirmed.

McComb, J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.