[Civ. No. 50841. Second Dist., Div. Four. Jan. 6, 1978.]

DUSTY B. RHODES, SR., et al., Plaintiffs and Respondents, v.
CALIFORNIA HOSPITAL MEDICAL CENTER,
Defendant and Appellant.

**COUNSEL**

Dryden, Harrington & Swartz and Peter Abrahams for Defendant and Appellant.

No appearance for Plaintiffs and Respondents.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiffs have filed an action for the wrongful death of their wife and mother, allegedly due to the negligence of defendant hospital. The hospital sought arbitration of that claim, relying on two instruments, one executed by the decedent and one executed by plaintiff husband as her agent, both of which contained provisions calling for such arbitration. The trial court denied the hospital's petition for arbitration. We affirm that order.

### I

■ We deal first with a preliminary issue. The hospital, acting pursuant to section 634 of the Code of Civil Procedure, sought a finding, in addition to those made by the trial court, reading as follows:

"That the agreement to arbitrate signed by the decedent BEATE RHODES upon admission to Defendant Hospital was binding upon said decedent and would have governed any claims [t]hat she might have made against Defendant Hospital had she lived." The request for that additional finding was denied. We see no error. We have examined the documents submitted to the trial court in support of, and in opposition to, the petition to compel arbitration. Nowhere does it appear that it was ever contended that the agreement executed by Mrs. Rhodes was not binding on her had she survived. The sole issue raised in the trial court, and here, was whether that instrument, or the second one signed by Mr. Rhodes purportedly as her agent, bound her heirs. It follows that the requested finding, being directed to a matter not in issue, was properly denied.

### II

We are cited to no case involving the issue properly before us. The hospital relies on cases, such as *Buckley* v. *Chadwick* (1955) 45 Cal.2d 183 [288 P.2d 12, 289 P.2d 242], holding that heirs could not maintain a wrongful death action where their decedent had no cause of action against the defendant because of matters going to the merits of any action by the decedent. They also rely on the railroad pass cases,[1]

---

[1]*Francis* v. *Southern Pacific Co.* (1948) 333 U.S. 445 [92 L.Ed. 798, 68 S.Ct. 611]; *Northern P.R. Co.* v. *Adams* (1904) 192 U.S. 440 [48 L.Ed. 513, 24 S.Ct. 408]; *Mehegan* v. *Boyne City G. & A. R. Co.* (1913) 178 Mich. 694 [141 N.W. 905]; *Perry* v. *Philadelphia, B.*

holding that an agreement by the holder of a railroad pass to waive any claim against the railroad barred the heirs in a wrongful death action. We do not find those cases persuasive as to the issue before us. This arbitration proceeding does not, at this stage, involve any question as to the existence of a cause of action in Mrs. Rhodes or of any defense to such action on its merits. We are here concerned solely with the forum in which a new cause of action in the heirs may be brought.

The hospital also relies on the decision in *Doyle* v. *Giuliucci* (1965) 62 Cal.2d 606 [43 Cal.Rptr. 697, 401 P.2d 1]. That case is equally unhelpful. In *Doyle* the court had before it an agreement to arbitrate, executed by the father of a minor child, which the court held barred a malpractice suit by the child. In this case we have no arbitration agreement executed by the father in his individual capacity nor by the son. More significantly, the opinion in *Doyle* rests on the broad powers of a parent to make contracts for the benefit of a minor child;[2] here we are not concerned with any contract by a person having protective powers such as those inherent in the parent-child situation. Assuming that the execution by Mr. Rhodes of the arbitration agreement as his wife's "agent" would have barred her had she survived, *Doyle* tells us nothing as to the effect of such agency on Mr. Rhodes' own rights.

■ We are aware of the strong public policy in favor of arbitration as a means of resolving controversies (see *Madden* v. *Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699 [131 Cal.Rptr. 882, 552 P.2d 1178]), but that policy does not extend to those who are not parties to an arbitration agreement or who have not authorized anyone to act for them in executing such an agreement. The right to arbitration depends on a contract. (Code Civ. Proc., § 1281.) Neither Mr. Rhodes nor the son have ever contracted to forego *their* rights to have *their* cause of action determined by a jury in a normal judicial proceeding. Although a wrongful death action must rest on a cause of action in the decedent, we cannot hold that the decedent's agreement to arbitrate *her* possible cause

---

& *W. R. Co.* (1910) 1 Boyce 339 [24 Del. 399, 77 A. 725]; *Griswold* v. *New York & N. E. R. Co.* (1885) 53 Conn. 371 [4 A. 261].

[2] The Supreme Court pointed out that the father had the power to contract for medical services for the son and that, on the facts before it, such services could be procured more effectively by the inclusion of a contract to arbitrate in the contract for medical services. In the case at bench there is nothing to show that the hospital had ever sought an arbitration agreement affecting anyone other than the patient.

of action is effective to bar the constitutional and procedural rights of the decedent's heirs in their own, independent action.

The order appealed from is affirmed.

Jefferson (Bernard), J., and Wiener, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.