[No. G003732. Fourth Dist., Div. Three. July 31, 1987.]

MAURINE MARGARET SCROGGS, Plaintiff and Appellant, v. COAST COMMUNITY COLLEGE DISTRICT et al., Defendants and Respondents.

1400

COUNSEL

John Michael Covas for Plaintiff and Appellant.

Alevizon, Smith & Lawrence and Mark Susson for Defendants and Respondents.

## OPINION

SMALLWOOD, J.*—Maurine Scroggs, plaintiff and surviving spouse of Frank W. Scroggs, appeals a summary judgment entered against her in her wrongful death action against Coast Community College and Barry Bandaruk. She contends the trial court erred in finding a release and waiver, executed by her husband before his death, bars the action as a matter of law. We agree and reverse.

In September 1982 Frank Scroggs enrolled in a scuba diving class offered by Coast Community College, and in that connection executed a release prepared by Coast. The following February, during a class certification dive, Frank drowned. The release provides for the participant to waive any claims "[he or his] heirs, representatives, executors and administrators thereof . . . have or may have against the said The Coast Community Colleges [*sic*] or any or all of the above mentioned persons . . . by reason of any accidents, illness, injury or death, or other consequences arising or resulting directly or indirectly from participation in SCUBA diving under the auspices of the Coast Community Colleges occurring during said participation, or any time subsequent thereto."

Following the death of her husband, Mrs. Scroggs filed a complaint against Coast Community College and Barry Bandaruk, the class instructor, alleging the death of her husband by drowning was a result of defendants' negligence. Defendants answered the complaint asserting a release as an affirmative defense and then moved for summary judgment. On December 3, 1985, the trial court granted the motion and judgment was entered in favor of both defendants and against plaintiff. This appeal followed.[1]

I

■ Our review of a summary judgment is limited to determining upon a de novo examination whether there was no genuine issue of material fact and the moving party was entitled to judgment as a matter of law. (See *D'Aguisto* v. *Campbell Industries* (1984) 162 Cal.App.3d 1208, 1212 [209 Cal.Rptr. 108]; *Lichty* v. *Sickels* (1983) 149 Cal.App.3d 696, 699 [197 Cal.Rptr. 137].) If the trial court has erred, either in failing to find a triable issue of fact where there is one, or in failing to apply undisputed facts to a correct principle of law, then the judgment must be reversed.

---

* Assigned by the Chairperson of the Judicial Council.

[1] Scroggs urges error on three grounds in this appeal. In the light of our holding we reach only one.

Scroggs cites two California cases in support of her position that the court erred in finding the release binding. *Earley* v. *Pacific Electric Ry. Co.* (1917) 176 Cal. 79 [167 P. 513] held a release executed by an injured party in favor of a tortfeasor did not bar a later action by the releasor's heir. The court found the wrongful death statute, section 377 of the Code of Civil Procedure,[2] was not a survivorship statute but rather "creates a new right of action with a different measure of damages from that which accrued to the injured person as a result of the defendant's wrongdoing." (*Id.,* at p. 81.) As such, the cause of action could not be waived by the decedent. And in *Robison* v. *Leigh* (1957) 153 Cal.App.2d 730 [315 P.2d 42], the appellate court, relying on *Earley,* held a release given by an injured party constitutes a bar to a claim for medical expenses but "is no defense to the right to recover for wrongful death under section 377 . . . ." (*Id.,* at p. 733.) It is unclear if the releases in *Earley* and *Robison* sought to bind the heirs. Moreover, they were executed after the injury occurred, thereby distinguishing them from the waiver and release in this case.

The effectiveness of a release to bar a wrongful death action was recently considered in *Coates* v. *Newhall Land & Farming, Inc.* (1987) 191 Cal.App.3d 1 [236 Cal.Rptr. 181]. In *Coates,* the decedent executed a release expressly assuming the risk of injury and waiving liability for injuries or death resulting from Newhall's ordinary negligence. Without any analysis of section 377, the *Coates* court concluded "a decedent's preinjury contractual assumption of risk eliminates the possibility of tortious conduct by a potential defendant, and thus precludes a wrongful death action, if (1) the contract is not against public policy and (2) the risk encountered by the decedent is inherent in the activity in which the decedent was engaged, or the type of risk the parties contemplated when they executed the contract. (*Id.,* at p. 4.)

The absence in *Coates* of any analysis of section 377 can only be justified by the court's conclusion that the express contractual assumption of the risk, combined with the express waiver of defendants' negligence, *constituted a complete defense* to the surviving heirs' wrongful death action. This is different than holding the action is *barred*. The failure to draw a distinction between facts giving rise to a complete defense to a wrongful death action, and facts precluding a wrongful death action, tends unnecessarily to obfuscate a clear and uncomplicated chain of decisional law concerning the nature and effect of California's wrongful death statute.

■ It is axiomatic that a plaintiff in a wrongful death action is subject to defenses which could have been asserted against the decedent. (See, e.g.,

[2] All statutory references are to the Code of Civil Procedure unless otherwise noted.

*Hasson* v. *Ford Motor Co.* (1977) 19 Cal.3d 530, 552 [138 Cal.Rptr. 705, 564 P.2d 857, 99 A.L.R.3d 158] [contributory negligence]; *Barnett* v. *Garrison* (1949) 93 Cal.App.2d 553, 557 [209 P.2d 426] [assumption of the risk]; *Nakashima* v. *Takase* (1935) 8 Cal.App 2d 35, 38 [46 P.2d 1020] [justifiable homicide].) But these defenses neither preclude nor destroy the wrongful death action. If it were possible to destroy a wrongful death action in advance, then arguably a decedent should be able to do so by a release drawn in general terms such as the one here.

■ The longstanding rule is that a wrongful death action is a separate and distinct right belonging to the heirs, and it does not arise until the death of the decedent. (*Earley* v. *Pacific Electric Ry. Co., supra,* 176 Cal. at p. 81.) Since *Earley* the courts have consistently articulated this principle and have validated it in a variety of circumstances. (See, e.g., *Garcia* v. *State of California* (1967) 247 Cal.App.2d 814, 816 [56 Cal.Rptr. 80] [fact that prisoner is barred from suit alleging injuries from dangerous condition is no bar to action for wrongful death by surviving spouse]; *Blackwell* v. *American Film Co.* (1922) 189 Cal. 689, 693-694 [209 P. 999] [prior judgment in favor of decedent for injuries does not bar later action for wrongful death]; *Marks* v. *Reissinger* (1917) 35 Cal.App. 44, 54 [169 P. 243] [statute of limitations runs from date of death, not injury of decedent].)

The wrongful death action was created by the Legislature, and apart from amendments affecting damages, the statute establishing the action has remained virtually unchanged since its enactment in 1862. Exceptions to the rule that the action is not derivative should be made by the Legislature, not the courts. Any contract, intending to limit or destroy a cause of action which belongs to the heirs, should be construed with an abundance of caution.

Respondents rely on a series of so-called "railway pass" cases from other jurisdictions but these are not persuasive. Nor are we impressed by their efforts to analogize the situation here to medical malpractice cases in which California courts have consistently upheld the right of medical plan members to bind others, including heirs, to the arbitration of their claims. (See, e.g., *Madden* v. *Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699 [131 Cal.Rptr. 882, 552 P.2d 1178]; *Doyle* v. *Giuliucci* (1965) 62 Cal.2d 606 [43 Cal.Rptr. 697, 401 P.2d 1]; *Herbert* v. *Superior Court* (1985) 169 Cal.App.3d 718 [215 Cal.Rptr. 477]; *Hawkins* v. *Superior Court* (1979) 89 Cal.App.3d 413 [152 Cal.Rptr. 491].) The fact a decedent may bind his heirs to arbitrate medical malpractice wrongful death claims is clearly not dispositive. As stated in *Doyle* v. *Giuliucci, supra,* 62 Cal.2d at page 610:

"The arbitration provision in such contracts [for medical care] is a reasonable restriction, for it does no more than specify a forum for the settlement of disputes." Thus, it is clear that imposing a requirement to arbitrate only limits the litigant's choice of a forum, and in no way proscribes or impairs the substantive right. It would be a reach of Bunyanesque proportions to stretch these holdings to one which would bar the prosecution of the wrongful death action itself.

In the release prepared by Coast Community College, there is no language indicating the decedent intended to assume all risks of the activity, nor does the release encompass a waiver of defendants' negligence. ■ The presence of a clear and unequivocal waiver with specific reference to a defendant's negligence is a distinct requirement where the defendant seeks to use the agreement to escape responsibility for the consequences of his negligence. (*Vinnell Co.* v. *Pacific Elec. Ry. Co.* (1959) 52 Cal.2d 411 [340 P.2d 604]; see also *Celli* v. *Sports Car Club of America, Inc.* (1972) 29 Cal.App.3d 511, 518-519 [105 Cal.Rptr 904].)

The trial court here found *McAtee* v. *Newhall Land & Farming Co.* (1985) 169 Cal.App.3d 1031 [216 Cal.Rptr. 465] and *Hulsey* v. *Elsinore Parachute Center* (1985) 168 Cal.App.3d 333 [214 Cal.Rptr. 194] to be controlling. Both cases involved claims by plaintiffs who were injured after engaging in activities offered by the defendants. And in both the plaintiffs had executed releases giving up their right to sue for injuries sustained. But neither case involved a wrongful death action by an heir. The sole issue was the validity of the release under Civil Code section 1668. While there is a similarity between those cases and the instant one in that motorcycling, parachuting and scuba diving all involve risks, this similarity provides no basis for upholding the release against Scroggs.

■ Furthermore, it is of no moment that scuba diving is of little public importance and serves no significant public purpose. Contracts seeking to release in advance the right to bring a wrongful death action, are not binding on the decedent's heirs, and there is no compelling reason to create an exception in the case of so-called "sports risk" cases. A surviving heir of a sports enthusiast is entitled to the same protection as the surviving heir of the victim of an automobile accident. If the decedent has provided the defendant with a partial or total defense, the defendant may assert it in response to the lawsuit. The release in this case fails to provide defendants with such protection.

The judgment is reversed. Appellant is entitled to costs on appeal.

Trotter, P. J., and Wallin, J., concurred.

Respondents' petition for review by the Supreme Court was denied November 12, 1987.