Filed 11/20/20

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| SARAH COUGHENOUR, | |
| Plaintiff and Respondent, | E072772 |
| v. | (Super.Ct.No. CIVDS1831552) |
| DEL TACO, LLC, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. John M. Pacheco, Judge. Affirmed.

Manatt, Phelps & Phillips, Andrew L. Satenberg and Benjamin G. Shatz for Defendant and Appellant.

Valiant Law, Raymond Babaian and Semarnpreet Kaur for Plaintiff and Respondent.

Plaintiff and respondent Sarah Coughenour worked for defendant and appellant Del Taco, LLC, starting when she was 16 years old. When she was first employed by Del Taco, she signed a "Mutual Agreement to Arbitrate" (Agreement). After

1

Coughenour reached the age of 18, she continued working for Del Taco for four months. Coughenour quit and filed a lawsuit against Del Taco for sexual harassment committed by one of their employees, wage and hour claims brought pursuant to the Labor Code, and other claims under the Fair Housing and Employment Housing Act (Complaint). Del Taco filed a motion to compel arbitration against Coughenour (Motion). The trial court denied the Motion, finding that Coughenour's filing of the lawsuit was a disaffirmance of the Agreement within the meaning of Family Code section 6710, which allows a person upon reaching majority age to disaffirm a contract entered into while a minor.

Del Taco appeals the denial of the Motion arguing that by working for Del Taco for four months after she reached the age of majority, she ratified the Agreement, which estopped her power to disaffirm the Agreement. In the alternative, Del Taco argues that Coughenour did not disaffirm the Agreement within a "reasonable time" after reaching the age of 18 as required by Family Code section 6710.

## FACTUAL AND PROCEDURAL HISTORY

A.    <u>COMPLAINT</u>

On December 6, 2018, Coughenour filed the Complaint alleging: sexual assault; battery, hostile work environment, failure to prevent harassment and aiding and abetting (Govt. Code, § 12940); wrongful constructive termination; negligent hiring, retention and supervision; failing to provide meal and rest breaks (Lab. Code, § 226.7); failure to provide accurate wage statements (Lab. Code, § 226); waiting time penalties (Lab. Code, § 203); violation of Business and Professions Code section 17200; intentional infliction of emotional distress; and negligent infliction of emotional distress.

Del Taco was a limited liability company doing business in California. Coughenour had exhausted her administrative remedies by filing a complaint with the Department of Fair Employment and Housing and receiving a "right to sue" letter.

Coughenour worked at a Del Taco restaurant located in Rancho Cucamonga. She was hired in 2016, when she was 16 years old. She alleged that she was subjected to severe sexual harassment, sexual assault and sexual battery by the restaurant's manager. She alleged that she was not provided meal and rest breaks. Coughenour resigned in August 2018. Coughenour sought economic damages, attorney's fees, and injunctive relief.

Del Taco filed an answer to the Complaint denying the allegations.

B.     DEL TACO'S MOTION TO COMPEL ARBITRATION

On March 6, 2019, Del Taco filed its Motion. Del Taco alleged that Coughenour signed the Agreement, which required arbitration of all claims against Del Taco, including the claims in the Complaint. Coughenour refused to submit the matter to binding arbitration.

Del Taco alleged that Coughenour electronically signed the Agreement on May 11, 2016. She commenced work with Del Taco on May 25, 2016. Counsel for Del Taco contacted Coughenour on February 5, 2019, advising her of the Agreement she had signed, but she refused to arbitrate her claims. Del Taco claimed that arbitration was compelled under Code of Civil Procedure section 1281.2 because there was a valid agreement to arbitrate.

3

The Agreement included the following language: "To the maximum extent allowed by law, the Company and I mutually consent to the resolution by binding arbitration of all claims or causes of action that the Company may have against me or that I may have against the Company. . . . [¶] The claims covered by this Agreement include, but are not limited to: . . . claims for discrimination or harassment . . . all claims arising under . . . the California Fair Employment and Housing Act (and other state's anti-discrimination laws), [and] the California Labor Code."

C.     COUGHENOUR'S OPPOSITION

Coughenour filed opposition to the Motion on April 2, 2019. She responded that despite the fact she signed the Agreement, since she was only 16 years old at the time she was not capable of contracting and consenting to the Agreement; she was entitled to disaffirm the Agreement pursuant to Family Code section 6710; and the Agreement was unconscionable.

Coughenour alleged that she was not capable of contracting and consenting to the Agreement because she was 16 years old at the time she signed it. No one from Del Taco explained the documents she was signing. Although Coughenour acknowledged that in California a minor has the capacity to contract, Family Code section 6710 provides for a minor's "right of disaffirmance" allowing for a minor to disaffirm a contract before reaching majority age or within a reasonable time afterward. Coughenour claimed that the filing of the instant lawsuit was a disaffirmance of the Agreement made within a reasonable time after she reached majority age. As such, the trial court should accept that

4

Coughenour disaffirmed the Agreement and was not required to submit her claims to arbitration.

Further, the Agreement was procedurally unconscionable because it was a contract of adhesion. Coughenour had no opportunity to negotiate or change the terms of the Agreement. Coughenour was forced to sign the Agreement or she would not be hired. Del Taco never explained the Agreement to Coughenour despite her being 16 years old and it being her first job. Del Taco made an effort to obscure and prevent knowledge of the Agreement because it was wordy and was hidden in the middle of numerous other documents.

The Agreement was also substantively unconscionable because it was "unfairly one-sided." The Agreement required arbitration of claims that are more commonly brought by employees and not those brought by employers. The Agreement in totality was confusing, convoluted and fundamentally unfair.

Coughenour signed a declaration. She began her employment with Del Taco when she was 16 years old. Working at Del Taco was her first job. She was subjected to sexual harassment, assault and battery by her supervisor while working for Del Taco. She filed a formal complaint before she quit and was assured that she would not have to work with the supervisor, but she was scheduled with him. She formally resigned on August 2018. She had turned 18 years old on April 20, 2018. She had to electronically sign her employment documents at a kiosk in the Del Taco store and was never given copies of the documents or the Agreement. The employment documents were never

explained to her and she believed that if she did not sign the documents, she would not be hired.

D.      REPLY TO OPPOSITION

Del Taco filed their reply on March 25, 2019.  Del Taco insisted that Coughenour ratified her consent to arbitrate after she reached the age of 18 by continuing to work for Del Taco.

Del Taco relied upon *Hastings v. Dollarhide* (1864) 24 Cal.195 (*Hastings*) to support its claim that by working for Del Taco after Coughenour reached majority age, she ratified the Agreement.  Moreover, even if she was not found to have ratified the Agreement, she did not disaffirm the Agreement within a reasonable time as required by Family Code section 6710.  Again, relying on *Hastings*, Del Taco argued that a "reasonable time" depended upon the circumstances of each case.  Del Taco argued that eight months after reaching majority was not a reasonable time.  Finally, she had not met her burden of establishing the Agreement was unconscionable.

E.      HEARING AND RULING

The hearing was conducted on April 2, 2019, after the trial court had issued a tentative ruling to deny the Motion.  Del Taco argued that the trial court needed to address ratification of the Agreement by Coughenour, because of her continuing to work for Del Taco.  Disaffirmation could not take place after ratification.  Coughenour's counsel argued that Coughenour was unaware of the Agreement based on it never being explained to her, and she never received a copy of the Agreement that she signed.  Del

6

Taco disagreed that she never received a copy of her employment documents; they were emailed to her. She was not denied access to her employment documents.

The trial court questioned whether Coughenour would be automatically subject to an employment contract she signed as a minor by continuing her employment. Coughenour's counsel argued that her disaffirmance of the Agreement was made in a reasonable time because she was only working part time at Del Taco and was inexperienced. The matter was taken under submission.

The trial court issued a written ruling denying the Motion. It first noted an unpublished California district court case found that disaffirmance of an arbitration agreement within one month after reaching the age of majority was reasonable. The trial court found, "However, this does not mean that a longer period of time than one month is unreasonable."

The trial court further explained, "Here, the declaration of Coughenour reflects she was made to sign all initial hiring documents in a kiosk and was never given any electronic documents to take home, nor were the documents explained, and she was not given the opportunity to read and understand the documents or negotiate the terms. (Coughenour Decl. at 6-7.) There is no evidence in either the declaration of Coughenour or of the Del Taco representative that Coughenour was requested to reaffirm her agreement to the arbitration provision upon reaching the age of majority. Del Taco does not argue, and there would be no basis for such an argument, that the arbitration agreement falls under the exclusion of certain types of contracts from disaffirmance under Family Code section 6712. [¶] Based on the arguments of the parties, the court

7

finds Coughenour has disaffirmed the arbitration agreement within a reasonable time, and therefore will deny the motion to compel arbitration. Based on the courts ruling to deny the motion to compel arbitration due to Coughenour's disaffirmance of the arbitration agreement, the court need not consider whether the agreement is unenforceable for other reasons such as unconscionability, lack of mutuality or failure to meet the Armendariz standards."

## DISCUSSION

Del Taco claims the trial court erred by failing to first consider whether by continuing to work for Del Taco for four months after she turned 18 years old, Coughenour impliedly ratified the Agreement estopping her from disaffirming the Agreement signed as a minor. Further, Coughenour did not disaffirm her employment contract within a reasonable time by filing her lawsuit eight months after she reached majority age, and four months after she terminated her employment. Finally, policy reasons justify holding minors to arbitration provisions.

### A.    STANDARD OF REVIEW

An order denying a motion to compel arbitration is an appealable order. (Code of Civ. Proc, § 1294, subd. (a).) " ' "There is no uniform standard of review for evaluating an order denying a motion to compel arbitration. [Citation.] If the court's order is based on a decision of fact, then we adopt a substantial evidence standard. [Citations.] Alternatively, if the court's denial rests solely on a decision of law, then a de novo standard of review is employed." ' " (*Franco v. Greystone Ridge Condominium* (2019) 39 Cal.App.5th 221, 227.)

8

Here, the trial court's denial of the Motion was based on the sole ground that Coughenour filing her lawsuit eight months after reaching the age of 18 disaffirmed the Agreement within a reasonable time. " ' [R]easonable time' [is] a question of fact necessarily depending on the circumstances of each particular case" (*Hastings*, *supra*, 24 Cal. at p. 215) and therefore we review this claim for abuse of discretion. We will review Del Taco's claim regarding ratification de novo.

### B.   FAMILY CODE SECTION 6700

Family Code section 6700[1] provides "Except as provided in [Family Code] section 6701,[2] a minor may make a contract in the same manner as an adult, subject to the power of disaffirmance under Chapter 2 (commencing with [Family Code s]ection 6710) and subject to Part 1 (commencing with [Family Code s]ection 300) of Division 3 (validity of marriage)." Family Code section 6710 provides "Except as otherwise provided by statute, a contract of a minor may be disaffirmed by the minor before majority or within a reasonable time afterwards or, in case of the minor's death within that period, by the minor's heirs or personal representative."

"Sound policy considerations support this provision: 'The law shields minors from their lack of judgment and experience and under certain conditions vests in them the right to disaffirm their contracts. Although in many instances such disaffirmance may be

---

[1] Family Code section 6710 is nearly identical to former Civil Code section 35. (See *Doyle v. Giulicci* (1965) 62 Cal.2d 606, 609.)

[2] Family Code section 6701 provides restrictions on a minor's ability to contract, which are not relevant here.

9

a hardship upon those who deal with an infant, the right to avoid his contracts is conferred by law upon a minor "for his protection against his own improvidence and the designs of others." It is the policy of the law to protect a minor against himself and his indiscretions and immaturity as well as against the machinations of other people and to discourage adults from contracting with an infant. Any loss occasioned by the disaffirmance of a minor's contract might have been avoided by declining to enter into the contract.' " (*Berg v. Traylor* (2007) 148 Cal.App.4th 809, 818; see also *Eriksson v. Nunnink* (2015) 233 Cal.App.4th 708, 720-721.)

"No specific language is required to communicate an intent to disaffirm. 'A contract (or conveyance) of a minor may be avoided by any act or declaration disclosing an unequivocal intent to repudiate its binding force and effect.' " (*Berg v. Traylor*, *supra*, 148 Cal.App.4th at p. 820.) The filing of a lawsuit is sufficient disaffirmance. (*Celli v. Sports Car Club of America, Inc.* (1972) 29 Cal.App.3d 511, 517 (*Celli*).)

C.    RATIFICATION

Del Taco first contends that the trial court did not consider its argument that Coughenour ratified the Agreement by continuing to work at Del Taco for four months after reaching the age of majority. Del Taco insists that the California Supreme Court has made it clear that once a minor reaches the age of majority, and ratifies a contract signed as a minor, that the minor can no longer disaffirm a contract.

In *Hastings*, *supra*, 24 Cal. 195, the court held, "But it is clear that if an infant, after arriving at adult age, ratifies a conveyance made by him during his infancy, he will have no power to revoke the ratification and disaffirm such conveyance thereafter." (*Id.*

10

at p. 211.) It further recognized, however, that such assent cannot be implied from "mere silence or inaction, no matter how protracted." (*Id.* at p. 213.) It adopted the rule that ratification was to be found if there was "express ratification" after reaching the age of majority; performance of acts from which an affirmance might be reasonably implied; and by an act of "omission," e.g. failing to disaffirm the contract within a reasonable time. (*Id.* at pp. 213-214, 217.)

Coughenour never expressly ratified the Agreement after she reached the age of majority. Moreover, the fact that Coughenour continued to work at Del Taco after reaching majority age for four months does not show her performance of acts from which affirmance might be reasonably implied. As noted by the trial court, the evidence does not establish that Coughenour was aware of the significance of the Agreement she signed when she was 16 years old. She did not receive a copy of the Agreement. The trial court noted, "There is no evidence in either the declaration of Coughenour or of the Del Taco representative that Coughenour was requested to reaffirm her agreement to the arbitration provision upon reaching the age of majority."

Coughenour's continued employment does not constitute a ratification of the Agreement and an acknowledgment that she was giving up her right to disaffirmance. " '[I]t is an inherent element of ratification that the party to be charged with it must have fully known what he was doing . . . . "[T]he very essence either of an election or ratification is that it is done advisedly, with full knowledge of the party's rights." ' " (*Fergus v. Songer* (2007) 150 Cal.App.4th 552, 571.) It cannot be said on this record that Coughenour, by continuing to work for Del Taco after she reached the age of majority,

11

did so with the awareness that she would be still subject to the Agreement, but more importantly, that she had a right to disaffirm the Agreement pursuant to Family Code section 6710. Nothing in Coughenour's declaration establishes that she was aware of her right to disaffirm the Agreement once she was 18 years old. To hold that Coughenour impliedly ratified the Agreement by continuing to work at Del Taco for four months after she turned the age of 18 would go against the policy "of the law to protect a minor against himself and his indiscretions and immaturity." (*Berg v. Traylor*, *supra*, 148 Cal.App.4th at p. 818)

As for the possible third factor for finding ratification—disaffirming the contract within a reasonable time of reaching the age of majority—we find for the reasons stated *post*, that Coughenour disaffirmed the Agreement within a reasonable time.

D.     REASONABLE TIME TO DISAFFIRM AGREEMENT

As stated, pursuant to Family Code section 6710, a contract of a minor made while under the age of 18 may be disaffirmed by the minor himself or herself either before he or she reaches the age of majority or within "a reasonable time" thereafter. Here, Del Taco, relying on intermediate appellate court cases from other states, contends that the filing of the lawsuit in this case eight months after Coughenour reached the age of majority was not a reasonable time to disaffirm the Agreement. We disagree.

Family Code section 6710 does not provide a definition of "reasonable time." '[R]easonable time' [is] a question of fact necessarily depending on the circumstances of each particular case." (*Hastings*, *supra*, 24 Cal.at p. 215.) In *Celli*, *supra*, 29 Cal.App.3d 511, nine-year-old Ribbs was in the pit area during a car race and was struck and injured

12

by a car during a test race on September 13, 1964. Ribbs possessed a pit pass, which included an acknowledgement of the assumption of the risk of being in the pit, and a waiver of liability. (*Id.* at pp. 514-515.) Jury verdicts were entered in favor of Ribbs and two other victims. Defendants appealed arguing that the pit passes, which included the waiver of liability, were improperly excluded at trial. (*Id.* at p. 517.) On appeal, the court stated, "the release agreements in any event were invalid and unenforceable as to plaintiff Ribbs who at the time of the accident in 1964 was 9 years old." It found that the filing of the lawsuit was enough to disaffirm the pit passes.

The court in *Celli* did not specify the time period between the accident and the filing of the lawsuit but the accident occurred in 1964 and the appeal was not decided until 1972. It is reasonable to assume that there was a period of time between the accident and filing of the lawsuit that was similar to, or exceeded, the time period in this case. Del Taco has provided no California statute or case defining the term "reasonable time" or any case that establishes as a matter of law that eight months was not a reasonable time.

Here, Coughenour worked for almost two years for Del Taco until she reached the age of 18. After she reached majority age, she quit her position after four months and filed her lawsuit within four months of quitting. The filing of the lawsuit was notice that she disaffirmed the Agreement. (*Celli*, *supra*, 29 Cal.App.3d at p. 517.) The trial court did not abuse its discretion by concluding that Coughenour disaffirmed the Agreement within a reasonable time.

13

Further, Del Taco's policy reasons in support of not affirming the denial of the Motion are not persuasive.  Del Taco argues that arbitration agreements are favored and that the defense of infancy should serve as a "shield for the protection of vulnerable minors, not as a sword."  Further, all Del Taco employees were required to sign the Agreement; accordingly, the Agreement was not designed to take advantage of Coughenour's immaturity or inexperience.

### DISPOSITION

We affirm the trial court's order denying Del Taco's motion to compel arbitration. Costs of appeal are awarded to Coughenour as the prevailing party.

CERTIFIED FOR PUBLICATION

MILLER _____
                                                                                        J.


We concur:

McKINSTER _____
                        Acting P. J.


FIELDS _____
                        J.

14