[No. B212823. Second Dist., Div. Four. May 26, 2010.]

ARPI HUVERSERIAN et al., Plaintiffs and Appellants, v. CATALINA SCUBA LUV, INC., Defendant and Respondent.

## COUNSEL

Steven R. Friedman for Plaintiffs and Appellants.

LeClairRyan, David V. Rose and Gary P. Simonian for Defendant and Respondent.

## OPINION

**EPSTEIN, P. J.**—The issue in this wrongful death case is whether exculpatory language in a rental contract for scuba diving equipment provides a complete defense. The trial court concluded that it does and granted summary judgment on that basis. We disagree and reverse.

### FACTUAL AND PROCEDURAL SUMMARY

The facts in this case are undisputed. Raffi Huverserian and his son, Arpi Huverserian, rented scuba diving equipment from defendant and respondent Catalina Scuba Luv on March 30, 2005. Raffi Huverserian executed an equipment rental agreement which included the exculpatory language at issue in this case. There is no claim that the Huverserians rented the equipment for either a boat dive or a multiple day rental. The Huverserians took the dive equipment to Casino Point Dive Park in Avalon and entered the water. Raffi Huverserian ran out of air at a depth of 60 feet. He made a controlled ascent by breathing with his son, but went into cardiac arrest on the beach. Although he was resuscitated in Avalon, he died the next day at UCLA Medical Center.

A wrongful death complaint was filed by appellants, Mr. Huverserian's wife, son, and daughter. Respondent answered and filed a cross-complaint for indemnity, contribution, and equitable relief against Oceanic Worldwide.[1] Asserting that exculpatory language in the rental agreement provided a full defense, respondent moved for summary judgment. Appellants opposed the motion on the ground that the exculpatory provision did not cover the circumstances of this action.

The trial court granted the motion for summary judgment, finding the exculpatory language provided a complete defense. Judgment for respondent was entered and this timely appeal followed.

## DISCUSSION

Our de novo review of summary judgment "is governed by [Code of Civil Procedure ] section 437c, which provides in subdivision (c) that a motion for summary judgment may only be granted when, considering all of the evidence set forth in the papers and all inferences reasonably deducible therefrom, it has been demonstrated that there is no triable issue as to any material fact and the cause of action has no merit. The pleadings govern the issues to be addressed. [Citation.]" (*Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga* (2009) 175 Cal.App.4th 1306, 1331 [96 Cal.Rptr.3d 813].) A defendant moving for summary judgment must demonstrate that there is no triable issue of fact by "producing evidence that demonstrates that a cause of action has no merit because one or more of its elements cannot be established to the degree of proof that would be required at trial, or that there is a complete defense to it. Once that has been accomplished, the burden shifts to the plaintiff to show, by producing evidence of specific facts, that a triable issue of material fact exists as to the cause of action or the defense. (*Aguilar* [*v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826,] 849–851, 854–855 [107 Cal.Rptr.2d 841, 24 P.3d 493].)" (*Ibid.*)

The exculpatory language on which respondent's defense is based is on a form rental agreement. It is undisputed that it was drafted by or for respondent and that Raffi Huverserian signed it. The top portion of the page has spaces to identify the renter and date of rental, together with a chart with boxes to check off the equipment rented and charges. Below the chart is a line in boldface, underlined, in a larger size font:

---

[1] After the trial court granted respondent's motion for summary judgment, respondent dismissed the cross-complaint against Oceanic Worldwide.

"**Equipment rental agreement, liability release and assumption of risk of scuba & snorkel gear for boat dives or multiple day rentals.**" Following this is text in unemphasized type: "This agreement is entered into between Catalina Scuba Luv and rentor and is a release of the rentor[']s rights to sue for injuries or deaths resulting from the rental and/or use of this equipment. Rentor expressly assumes all risks of skin and/or scuba diving related in any way to the rental and/or use of this equipment. Rentor hereby acknowledges receipt of the equipment is in good working condition and that he/she has examined the equipment to ensure that it is free from defects, including checking both the quality and quantity of air in any scuba tank(s) rented. Rentor also understands that Catalina Scuba Luv and its employees, owners, officers, or agents shall not be held liable or responsible in any way for any injury, death or other damages to rentor or his/her family, heirs, or assigns which may occur as a result of the rental and/or use of the equipment, or as a result of product defect, or the negligence of any party, including the released parties, whether passive or active. I have carefully read and understand the above agreement. By signing this agreement, I exempt and release Catalina Scuba Luv and all related entities as defined above, from all liability or responsibility whatsoever for personal injury, property damage, or wrongful death as a result of renting and/or using the equipment, however caused resulting but not limited to product liability or the negligence of the released parties. Rentor agrees that he/she will be charged for damaged or missing gear."

Appellants argue that the boldface, underlined language expressly limits the following exculpatory language to persons who rent equipment from respondent for a boat dive or multiple day rentals. Since the Huverserians did not fall into either category, the language does not apply to this situation. Respondent contends the language of the release is intended to apply to all renters of scuba equipment.

■ " 'Contract principles apply when interpreting a release, and "normally the meaning of contract language, including a release, is a legal question." (*Solis v. Kirkwood Resort Co.* (2001) 94 Cal.App.4th 354, 360 [114 Cal.Rptr.2d 265].) "Where, as here, no conflicting parol evidence is introduced concerning the interpretation of the document, 'construction of the instrument is a question of law, and the appellate court will independently construe the writing.' " (*Paralift, Inc. v. Superior Court* (1993) 23 Cal.App.4th

748, 754 [29 Cal.Rptr.2d 177].) . . . [Citation.]' " (*Cohen v. Five Brooks Stable* (2008) 159 Cal.App.4th 1476, 1483 [72 Cal.Rptr.3d 471] (*Cohen*).)[2]

█ " 'A written release may exculpate a tortfeasor from future negligence or misconduct. [Citation.] To be effective, such a release *"must be clear, unambiguous, and explicit in expressing the intent of the subscribing parties."* [Citation.] The release need not achieve perfection. [Citation.] Exculpatory agreements in the recreational sports context do not implicate the public interest and therefore are not void as against public policy. [Citations.]' " (*Cohen, supra*, 159 Cal.App.4th at p. 1485.) " ' "An ambiguity exists when a party can identify an alternative, semantically reasonable, candidate of meaning of a writing. [Citations.]" ' " (*Ibid.*)

█ The language of the rental agreement is unambiguous. The exculpatory language releasing respondent from liability expressly is limited to "boat dives or multiple day rentals." The rental here does not fall into either category, and therefore the exculpatory language is inapplicable and provides no defense upon which summary judgment may be based.

Respondent offers an argument that would rewrite the agreement to exclude its language limiting the release by characterizing it as a caption, and not part of the agreement. We disagree with this interpretation of the agreement. The relevant language is not a mere caption, but an integral part of the exculpatory paragraph, emphasized in boldface and underlined. A person reading the rental agreement who is neither a boat diver nor multiple day rentor could reasonably conclude that the exculpatory language following the limiting language did not apply to him or her. (See *Sanchez v. Bally's Total Fitness Corp.* (1998) 68 Cal.App.4th 62, 69 [79 Cal.Rptr.2d 902] [clear and explicit release may be construed by appellate court independently in the absence of conflicting parol evidence].) Indeed, it would be difficult for the renter to read it any other way.

In support of its argument that the limiting language was only a caption, respondent cites *Coit v. Jefferson Standard Life Ins. Co.* (1946) 28 Cal.2d 1 [168 P.2d 163] (*Coit*). That case arose out of a life insurance contract, which

---

[2] Appellants are incorrect in putting forward deposition testimony of Tina Kennedy, a vice-president of respondent, to support the argument that respondent did not intend the exculpatory provision to apply to Raffi Huverserian. First, Kennedy did not address the exculpatory language in the deposition excerpt. Second, Kennedy's uncommunicated, subjective understanding has no bearing on interpretation of the agreement. (*Cedars-Sinai Medical Center v. Shewry* (2006) 137 Cal.App.4th 964, 979–980 [41 Cal.Rptr.3d 48].)

included a clause entitled " ' "AVIATION AND WAR RISK EXCLUSION RIDER." ' " (*Id.* at p. 3.) While serving in the Army, the insured died in an Army hospital in Alaska of an embolism following an appendectomy. The insurer invoked the war risk exclusion rider. The relevant clause of the rider limited coverage if the insured died " ' "[f]rom any cause while the Insured is serving outside the states of the United States, the District of Columbia, and Dominion of Canada, in the military, naval or air forces of any country at war . . . or within six months after the termination of such service if death be caused from any wounds, injuries or disease received or suffered while in such service . . . ." ' " (*Id.* at p. 3.)

The position of the beneficiary's representative was that the exclusion applied only in case of death from a cause connected with war and its hazards. He argued " 'that "[t]he words 'From any cause' when read in connection with the heading of the rider attached to the policy—'Aviation and War Risk Exclusion Rider' mean no more than that the liability of the insurer shall be limited when the death of the insured is occasioned by, incidental to or proximately caused by military activities, and not where it has been due to natural, ordinary or accidental causes." ' " (*Coit, supra,* 28 Cal.2d at p. 3.) The court concluded that the clause was " 'free from any ambiguity or uncertainty, and that it means precisely what it says.' " (*Id.* at p. 4.) It held that the exclusion applied only when the insured was serving outside of the United States, the District of Columbia, or Canada, and where death occurred from any cause. (*Id.* at pp. 4–5.)[3]

■ The court in *Coit* concluded that the caption was not part of the exclusion: "The words 'Aviation and War Risk Exclusion Rider' are only the caption of the rider; they are not in themselves an operative provision of the policy; standing alone they do not exclude any risk whatsoever. Thus, unless the operative language in the body of the rider is to be considered the rider will be wholly ineffectual. But if any of the operative language is to be considered it would seem that we must consider all of it." (*Coit, supra,* 28 Cal.2d at p. 11.) The principal distinction between our case and *Coit* is that in *Coit* the cited language contained no substantive statement, but only identified a topic. In this case the clause did more. It declared that the language that followed applied to dives off a boat and multiple day rentals. In a contract, " '[w]here general words follow the enumeration of particular kinds or classes of persons or things, the general words will, unless a contrary intent is manifested, be construed as applicable only to persons or things of the same

---

[3] Alaska did not become a state until 1959, after *Coit* was written.

general nature or class as those specifically enumerated.' " (*Nygård, Inc. v. Uusi-Kerttula* (2008) 159 Cal.App.4th 1027, 1045, fn. 4 [72 Cal.Rptr.3d 210] [applying *ejusdem generis* to interpretation of contract].) Here, the broad release language follows the enumeration of boat divers and multiple day renters as the classes of persons to whom it applies. Under this principle, respondent's suggestion that the exculpatory language applied to all renters is not reasonable.

■ Had this portion of the agreement simply said "Waiver of liability and assumption of risk," *Coit* would be persuasive. We also note that the caption in *Coit* appeared in all capital letters as is typical for titles, while the language in the agreement at issue here was not capitalized, although it was underlined in boldface type. In *Madison v. Superior Court* (1988) 203 Cal.App.3d 589 [250 Cal.Rptr. 299], a release in a contract for scuba diving lessons expressly stated that it was the student's intent to exempt and relieve the defendants from any liability for their negligence. (*Id.* at p. 597.) No qualifying language of the type employed here appeared in the *Madison* release. The *Madison* court held: "For it to be valid and enforceable, a written release exculpating a tortfeasor from liability for future negligence or misconduct must be clear, unambiguous and explicit in expressing the intent of the parties. [Citation.] If a tortfeasor is to be released from such liability the language used 'must be clear, explicit and comprehensible in each of its essential details. Such an agreement, read as a whole, must clearly notify the prospective releasor or indemnitor of the effect of signing the agreement.' [Citation.]" (*Id.* at p. 598.)

The language of the release here does not meet this high standard. As we have observed, a person renting equipment for a single day, not to be used on a boat dive, would read the emphasized language and reasonably determine that it did not apply to him or her, and conclude that by signing the agreement, he or she had only agreed to the rental terms with no release of liability intended.

Finally, even if it could be said some ambiguity lurked in the wording of the clause, that fact would not support summary judgment. As the *Cohen* court observed, " 'To be effective, such a release *"must be clear, unambiguous, and explicit in expressing the intent of the subscribing parties."* ' " (*Cohen, supra,* 159 Cal.App.4th at p. 1485.) An ambiguous exculpatory clause does not satisfy this requirement.

Since the exculpatory language in the rental agreement does not provide a complete defense, summary judgment in favor of respondent must be reversed.

## DISPOSITION

The judgment is reversed. Appellants are to have their costs on appeal.

Willhite, J., and Suzukawa, J., concurred.